**LEATHER MASTERS (PVT), LTD., Plaintiff,**

v.

**GIAMPIER LTD., Defendant.**

**Civil A. No. HAR 93–653.**

United States District Court, D. Maryland.

Aug. 17, 1993.

David M. Kopstein, Dross and Levenstein, Washington, DC, Irving Dross, Waldorf, MD, for plaintiff.

Robert J. Mathias, John C. Dougherty, Piper & Marbury, Baltimore, MD, for defendant.

## MEMORANDUM OPINION

HARGROVE, District Judge.

Presently before the Court is defendant Giampier Ltd's motion to dismiss. The Court has considered said motion and the opposition thereto. No hearing is deemed necessary. Local Rule 105.6 (D.Md.). For the reasons discussed below, the defendant's motion is granted.

The plaintiff Leather Masters (PVT), Ltd., is a corporation organized under the laws of Pakistan. Its principal place of business is located in Sialkpost, Pakistan. The defendant Giampier, Ltd., a wholesale broker of leather goods, is a Colorado corporation with its principal place of business in Denver, Colorado.

On March 4, 1993, the plaintiff filed suit against the defendant in this Court alleging that the defendant had breached certain contracts with the defendant. The original business relationship between the parties was entered into in Pakistan. However, according to the plaintiff, the contract was subsequently modified. The modifications were achieved through communications between the defendant and the plaintiff's agent, Cenna International, Inc., which is located in Maryland.

The Court retains jurisdiction over the instant action pursuant to 28 U.S.C. 1332.

The defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss the complaint for lack of jurisdiction over the person. The defendant, a Colorado resident, asserts that it is not registered to do business in Maryland, does not maintain an office in Maryland or employ agents in Maryland, and does not carry on regular business in Maryland. The business relationship between Giampier and the plaintiff involved the purchase of goods by the defendant from the plaintiff. The goods were shipped from Pak-istan to the defendant's office in Denver, Colorado. The Denver office is the defendant's only office in the United States. Payment of goods was sent from Denver to Pakistan. None of the goods purchased from Leather Masters were sold by the defendant to any business in the State of Maryland. The defendant contends that on these facts, the exercise of jurisdiction over the defendant by this Court is improper.

The plaintiff argues that this Court may exercise jurisdiction over the defendant pursuant to the Maryland long-arm statute, Annotated Code of Maryland, Courts and Judicial Proceedings. Specifically, the plaintiff asserts that Section 6–103(b)(1) of the long-arm statute, which permits jurisdiction over a nonresident defendant who transacts business in the state, authorizes this Court's exercise of jurisdiction over the defendant. As is explained below, the Court rejects the plaintiff's argument, and concludes that the exercise of jurisdiction over the defendant is improper under the long arm statute, and would violate the dictates of due process.

■ The Maryland long-arm statute provides as follows,

(a) condition—If jurisdiction over a person is based solely upon this section he may be sued only on a cause of action arising from any act enumerated in this section.

(b) In general.—A court may exercise personal jurisdiction over a person, who directly or by an agent:

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply goods, foods, services, or manufacture products in the State;

(3) Causes tortious injury in the State by an act or omission in the State;

(4) Causes tortious injury in the State or outside or the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, or services, manufactured in the state;

(5) Has an interest in, uses, or possesses real property in the State; or

(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

*Id.* Application of the long arm statute is essentially a two step process. First, the court determines whether a particular subsection authorizes service of process on the non-resident. If service of process is authorized, the Court then determines whether that service, and the attendant exercise of personal jurisdiction, comports with due process. *See, Snyder v. Hampton Industries, Inc.,* 521 F.Supp. 130 (1981), *quoting, Craig v. General Finance Corp. of Illinois,* 504 F.Supp. 1033, 1036 (D.Md.1980). However, because the Maryland legislature designed the long-arm statute to extend personal jurisdiction to the limits allowed by federal due process, the normal two step inquiry merges into one. *See, Mohammed v. Michael,* 279 Md. 653, 657, 370 A.2d 551 (1977).

Recently, the Fourth Circuit Court of Appeals set forth the factors to be considered in evaluating the propriety of personal jurisdiction obtained under a state long-arm statute. The Fourth Circuit stated that

Our due process analysis starts with the minimum contacts inquiry ... [that is] ... whether the defendant purposefully established minimum contacts in the forum state. Minimum contacts exist where the defendant "purposefully" directs its activities toward the residents of the forum. If the defendant has created a substantial connection to the forum, then he has purposefully availed himself of the privilege of conducting business there ... Minimum contacts can provide a basis for personal jurisdiction only if they satisfy the concept of "fair play and substantial justice." ... Minimum requirements inherent in the concept of "fair play and substantial justice may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities."

*Ellicott Machine v. Holland,* 995 F.2d 474 (citations omitted).

■ The plaintiff relies on several activities on the part of the defendant to argue that the assertion of personal jurisdiction is proper. First, the plaintiff notes that the defendant returned goods alleged to be defective and samples, provided to the defendant by the plaintiff, to the plaintiff's agent in Maryland. The defendant counters that it could not reasonably anticipate being haled into a Maryland court because of such behavior. Giampier states that it attempted to return the materials to Pakistan, but was instructed to ship them to Cenna for the plaintiff's convenience. The defendant contends that by returning the goods to Cenna, it was accommodating the plaintiff, and was not availing itself of the privilege of conducting business in Maryland. The Court agrees.

■ Second, the plaintiff states that the defendant borrowed money from a private profit sharing plan located in Maryland in order to finance letters of credit for defendant's business, and goes on to argue that the loan is a basis for asserting jurisdiction. This argument is utterly without merit because there is no evidence that the loan, which was negotiated and entered into in Colorado, was obtained in order to purchase any of the goods identified in the Complaint. In other words, the loan does not "arise from or relate to the activities that concern this litigation." *See Burger King v. Rudzewicz,* 471 U.S. 462, 475 at 472, 105 S.Ct. 2174, 2184, 2182, 85 L.Ed.2d 528 (1985). It is undisputed that general jurisdiction over the defendant does not exist. Accordingly, the fact that the defendant may have financed purchases of goods not identified in the Complaint, has no bearing on whether the defendant transacted business in Maryland for the purpose of this lawsuit.

■ Third, the plaintiff argues that the defendant directed goods, which the plaintiff provided to the defendant pursuant to their contract, into two retail stores, specifically PACE Membership Warehouse ("PACE") and a K–Mart Department Store, both of

 

which are located in Maryland.[1] The defendant states that it never directed the goods to stores in Maryland. Giampier maintains that it sold the goods in question to retail PACE in Denver. If the goods eventually were offered for sale in Maryland stores, it is due to the actions of someone other than the defendant.[2] The plaintiff has not challenged the defendant's statements. Clearly, this is not a sufficient basis on which to establish personal jurisdiction over Giampier. *See Asahi Metal Industry v. Superior court of California*, 480 U.S. 102, 112, 107 S.Ct. 1026, 1032, 94 L.Ed.2d 92 (1987).

█ Finally, the plaintiff points to the defendant's correspondence, telephone conversations, and telefax communications with plaintiff's agent, which is located in Maryland. However, without more, communications made from outside of the State to a Maryland resident are not enough to justify the exercise of personal jurisdiction over an out-of-state defendant. *Craig v. General Fin. Corp.*, 504 F.Supp. 1033, 1038 (D.Md. 1980).

In sum, this Court is not persuaded that the defendant has purposefully established minimum contacts in the State of Maryland. Moreover, the Court is convinced that the defendant's contacts with the State of Maryland are so limited that the exercise of personal jurisdiction over this defendant would violate the concept of "fair play and substantial justice." *See, Burger King*, 471 U.S. at 477–78, 105 S.Ct. at 2184. For these reasons, the Court concludes that the exercise of personal jurisdiction over this defendant would be improper.

## ORDER

In accordance with the foregoing Memorandum Opinion, IT IS this 13th day of August, 1993, by the United States District Court for the District of Maryland hereby, ORDERED:

1. That the motion to dismiss submitted by defendant Giampier Ltd., BE and the same hereby IS, GRANTED.

2) That the Clerk of the Court CLOSE this case.

---

1. In support of this claim the plaintiff has submitted the affidavit of Bilal Yousaf, an officer of Cenna International, Inc. In his affidavit, Mr. Yousaf states that he personally observed goods, provided to the plaintiff by the defendant, on display for sale in two major retail outlets, namely Pace Membership Warehouse and K–Mart Department Stores, which are located in Maryland.

2. The plaintiff has submitted two affidavits from Mario Giampieri, President of Giampier Ltd. In his affidavit dated June 22, 1993, Mr. Giampieri states that the defendant did not sell the goods in question to K–Mart Department Stores, or to PACE Membership Warehouse in Maryland.