Charles E. CAPE, et al., Plaintiffs,

v.

Gerda von MAUR, et al., Defendants.

No. PJM 94–2297.

United States District Court,
D. Maryland,
Southern Division.

July 26, 1996.

Stephen R. Leventhal, Bethesda, MD, for Plaintiffs.

Charles E. Cape, Gaithersburg, MD, pro se.

Andrew White, C. Allen Foster, Patton Boggs, Greensboro, NC, for Defendants.

*OPINION*

MESSITTE, District Judge.

Plaintiffs Charles Cape and Technical Communications and Electronics Consultants, Ltd. ("TCEC") sue Defendants Gerda von Maur, Reed von Maur and the law firm of Reed von Maur & Partners for legal malpractice, breach of contract, fraud, and intentional infliction of emotional distress.

The Court heard argument on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, Lack of Capacity and Lack of Standing and deferred ruling pending the parties' submission of supplemental pleadings on the issue of the Court's personal jurisdiction over Defendants. Having received and considered the supplemental pleadings and the entire record herein, the Court has determined to GRANT Defendants' Motion to Dismiss.

I.

Cape is a resident of the State of Maryland. He was the president and sole shareholder of TCEC, a Virginia Corporation. Between September, 1982 and September, 1985, the period that TCEC was in existence and providing computer programming and training services to the U.S. Army in Frankfurt, Germany, its only offices were in the State of Virginia. In September, 1985, when the company failed to comply with statutory filing requirements governing Virginia corporations, its charter was revoked. From that time forward, Cape conducted business in the name of TCEC out of his home in Maryland. The company, however, a dissolved corporation under Virginia law, never re-incorporated in Maryland.

Apparently, Cape's exclusive business in Maryland focused on the recovery of monies TCEC claimed were due it from the U.S. Army for services rendered by TCEC in Germany. Defendants, American attorneys residing in Germany, had been retained by TCEC in October 1983 to prosecute its contract claims before the Armed Services Board of Contract Appeals in Germany. The "attorney-client relationship" between Defendants and Plaintiffs continued until December 1993, when Plaintiffs say they first discovered Defendants' negligence and conflicts of interest.

As indicated, Defendants are U.S. citizens residing in Germany. The contract between TCEC and Defendants regarding the latter's legal representation of TCEC was executed

in Germany. All the services rendered by them on behalf of Plaintiffs were rendered before the Armed Services Board of Contract Appeals in Germany in connection with TCEC's litigation against the U.S. Army. Defendants' only contacts with the State of Maryland consisted of phone calls and correspondence between them in Germany and Cape in Maryland. Defendants never practiced law in Maryland, never advertised or solicited business in this State and never maintained an office here. At no time during the course of their representation of TCEC did any Defendants or their agents travel to Maryland or appear in a Maryland court on behalf of Plaintiffs or undertake to perform any services in Maryland.

## II.

In support of their Motion to Dismiss, Defendants argue that their activities do not fall within the purview of the Maryland Long Arm statute (*Md.Cts. & Jud.Proc.Code Ann. § 6–103*) and do not constitute the "minimum contacts" with the State of Maryland necessary for this Court to exercise jurisdiction over them.

Even if there were personal jurisdiction, they say, venue is not proper in the District of Maryland, since none of the Defendants resides in Maryland and none of the events giving rise to Plaintiffs' claim took place here.

Finally, Defendants contend that Cape individually lacks standing to sue since he was not a party to the contract with Defendants and TCEC, as a dissolved Virginia corporation, lacks capacity to sue.

## III.

■ When a court's personal jurisdiction is challenged, the question is one for the judge, with the burden on plaintiff to prove the grounds for jurisdiction by a preponderance of the evidence. *Mylan Laboratories, Inc. v. Akzo, N.V.,* 2 F.3d 56, 59–60 (4th Cir.1993). When the court decides a personal jurisdiction dismissal motion without an evidentiary hearing, plaintiff must prove a *prima facie* case, with all reasonable inferences being resolved in plaintiff's favor. *Id.* at 60.

■ A federal court has personal jurisdiction over a non-resident defendant if an applicable federal statute confers jurisdiction or, in a diversity case such as this, if the applicable state long-arm statute confers jurisdiction and the assertion of that jurisdiction is consistent with constitutional due process. *Nichols v. G.D. Searle & Co.,* 991 F.2d 1195, 1199 (4th Cir.1993).

Since there are no federal statutes applicable to this case, the Court may exercise personal jurisdiction to the extent permitted by the Maryland Long Arm Statute.[1] *Beaty v. M.S. Steel Co.,* 401 F.2d 157, 159 (4th Cir.1968), *cert. denied,* 393 U.S. 1049, 89 S.Ct. 686, 21 L.Ed.2d 691 (1969). Plaintiffs have not alleged any activities by Defendants that clearly fall within the express provisions of the Maryland Long Arm Statute.

The statute, however, has been interpreted to extend personal jurisdiction to the limits permitted by federal due process under the Fourteenth Amendment. *Autoscribe Corp. v. Goldman,* 47 F.3d 1164 (4th Cir.1995); *Ellicott Machine Corp., Inc. v. John Holland Party Ltd.,* 995 F.2d 474 (4th Cir.1993). *See Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County,* 480 U.S. 102, 108–09, 107 S.Ct. 1026, 1030, 94 L.Ed.2d 92 (1987) ("The constitutional touchstone of the determination whether an exercise of

---

1. Maryland's long-arm statute provides that a court may exercise personal jurisdiction over a person who directly or by an agent: (1) Transacts any business or performs any character of work or service in the State; (2) Contracts to supply goods, food, services, or manufactured products in the State; (3) Causes tortious injury in the State by an act or omission in the State; (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State; (5) Has an interest in, uses, or possesses real property in the State; or (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing. Md.Cts. & Jud.Proc.Code Ann. § 6–103(b) (1995 Repl.Vol.).

personal jurisdiction comports with due process 'remains whether the defendant **purposefully** established minimum contacts in the forum State.' "); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (the exercise of personal jurisdiction requires that the minimum contact "proximately result from actions by the defendant **himself** that create a 'substantial connection' with the forum State").

■ This Court has addressed the question of personal jurisdiction under the Maryland Long–Arm Statute in *Hardnett v. Duquesne University,* 897 F.Supp. 920 (D.Md. 1995). As noted there, in distinguishing general from specific personal jurisdiction, if a nonforum defendant's activities in the forum state are "continuous and systematic," a federal court has general jurisdiction as to any cause of action even if unrelated to defendant's activities within the state. *Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). If a nonforum defendant's contacts within the forum are not sufficiently "continuous and systematic" for general jurisdiction, there is specific jurisdiction for claims related to the defendant's activities within the state. *Burger King Corp. v. Rudzewicz,* 471 U.S. at 462, 105 S.Ct. at 2174. In either case, due process requires that the defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) The test is whether, in a given case, the forum state has a sufficient relationship with the defendant and the litigation to make it reasonable to require defense of the action in federal court located in the forum state.

■ "[B]road constructions of general jurisdiction should be generally disfavored," *Nichols,* 991 F.2d at 1200. There can be no

question on this record that general jurisdiction is lacking and the Court need pursue the issue no further.

■ Specific jurisdiction, the only basis remotely possible here, involves an expanded factual inquiry into the precise nature of the defendant's contacts with the forum, the relationship of those contacts with the cause of action, and a weighing of whether these contacts satisfy "threshold demands of fairness." *Presbyterian Univ. Hosp. v. Wilson,* 337 Md. 541, 552, 654 A.2d 1324, 1330 (1995). Specific personal jurisdiction requires a tri-partite showing that: (1) the nonforum defendant purposely directed its activities toward residents of the forum state or purposely availed itself of the privilege of conducting activities therein; (2) plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) the forum's exercise of personal jurisdiction in the case is reasonable, i.e. is consistent with "fair play and substantial justice." *Burger King Corp.,* 471 U.S. at 477–78, 105 S.Ct. at 2185.

■ Whether general or specific jurisdiction is sought, a defendant's "contacts" with a forum state are measured as of the time the claim arose. *See, e.g., Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.,* 907 F.2d 911 (9th Cir.1990) ("Only contacts occurring prior to the event causing the litigation may be considered."); *Rossman v. State Farm Mut. Auto. Ins. Co.,* 832 F.2d 282, 287, n. 2 (4th Cir.1987).

### IV.

To begin, no contact that the Defendants may have had with Plaintiffs since December 1993 can be taken into account, since the only time when contacts are measured is as of the time the claim purportedly arose, i.e. December, 1993 when Plaintiffs say they first learned of Defendants' alleged negligence.[2]

**2.** An intriguing question in this case is whose law of legal malpractice Plaintiffs would have apply. Depending on the nature of the charges and the jurisdiction—Virginia, Germany, or Maryland—the time for filing such a claim may have run. Virginia, for example, requires such actions to be filed within five years from the date of the breach where the contract of employment is written, *F.D.I.C. v. Cocke,* 7 F.3d 396, 403 (4th Cir.1993). Maryland, on the other hand, requires the filing to be made within three years after a reasonable person should have discovered the negligent act or acts. *Sasso v. Koehler,* 451 F.Supp. 933 (D.Md.1978).

But the only "contacts" Defendants had with Maryland up to and including December 1993 consist, by Plaintiffs' own admission, of phone calls and correspondence. Such contacts, quite simply, do not meet any of the three prongs of the showing required for specific personal jurisdiction. Defendants never purposely directed their activities toward residents of Maryland nor did they purposely avail themselves of the privilege of conducting activities here; Plaintiffs' cause of action does not arise out of or result from Defendants' forum-related contacts; and Maryland's exercise of personal jurisdiction in this case—enforcing the claim of a Virginia-based corporation against attorneys in Germany for services rendered in Germany—is hardly reasonable.

Generally speaking, correspondence and phone calls from out-of-state defendants to in-state plaintiffs are insufficient as a matter of law to establish the minimum contacts that satisfy due process. *Leather Masters (PVT) Ltd. v. Giampier Ltd.*, 836 F.Supp. 328, 331 (D.Md.1993) ("without more, communications made from outside the State to a Maryland resident are not enough to justify the exercise of personal jurisdiction over an out-of-state defendant"); *Coating Engineers, Ltd. v. Electric Motor Repair, Co.*, 826 F.Supp 147, 149 (D.Md.1993) (defendant's telephone conversations with party in Maryland did not constitute purposeful activity within Maryland to confer jurisdiction under the Maryland long arm statute).

Moreover, case law overflows on the point that providing out-of-state legal representation is not enough to subject an out-of-state lawyer or law firm to the personal jurisdiction of the state in which a client resides. *Sher v. Johnson*, 911 F.2d 1357, 1363 (9th Cir.1990); *Austad Co. v. Pennie & Edmonds*, 823 F.2d 223 (8th Cir.1987); *Kow-*

*alski v. Doherty, Wallace, Pillsbury, and Murphy*, 787 F.2d 7 (1st Cir.1986); *Mayes v. Leipziger*, 674 F.2d 178 (2d Cir.1982). *Cf. Richardson v. Nationwide Mortgage Corp.*, 1985 WL 9133 (D.Md.1985) (personal jurisdiction existed over out-of-state lawyer because law firm, of which defendant was a partner, maintained an office in Maryland.)

The Plaintiffs' only nexus with this State, Cape's personal residence, is legally insufficient to exercise specific personal jurisdiction. *Sibert v. Flint*, 564 F.Supp 1524, 1529 (D.Md.1983) (mere fact that plaintiff was a resident of Maryland was "insufficient to permit the exercise of personal jurisdiction in light of the corporate defendant's minimal contacts with Maryland.")

The Court holds that Defendants lack the requisite minimum contacts with Maryland to permit this Court to exercise personal jurisdiction over them.[3]

A separate Order will be entered granting Defendants' Motion to Dismiss.

---

3. There are obviously other reasons why this action cannot be maintained. Cape lacks standing to bring suit since TCEC, not he, retained Defendants to represent it before the Armed Services Board of Contract Appeals. TCEC, not he, was a party to the contract at issue. TCEC, not he, was party to the contract dispute with the U.S. Army for which Defendants provided legal services.

TCEC would seem to fare no better. It almost certainly lacks capacity to bring this suit. Pursuant to Fed.R.Civ.P. 17(b), the capacity of a corporation to bring suit is determined by the law of the state under which the corporation is organized. TCEC's entitlement to litigate the post–1985 claims it makes here dissolved with its corporate charter in 1985. Va.Code Ann. § 13–1–755. Since it never re-incorporated under the laws of Maryland, it is without status to appear in this jurisdiction.