**Jefferson J. KATIMS, M.D.,
et al., Plaintiffs,**

v.

**MILLEN, WHITE, ZELANO
& BRANIGAN, P.C.,
Defendant.**

Civil No. L–09–2408.

United States District Court,
D. Maryland.

April 16, 2010.

Mary Elizabeth Goulet, Whitham Curtis Christofferson and Cook PC, Reston, VA, for Plaintiffs.

Mikhael D. Charnoff, Sands Anderson Marks and Miller PC, McLean, VA, for Defendant.

## MEMORANDUM

BENSON EVERETT LEGG, District Judge.

This is a legal malpractice case stemming from the expiration of United States patent no. 5,806,522 ("the 522 patent").[1] Plaintiff, Dr. Jefferson J. Katims, hired Defendant law firm, Millen, White, Zelano & Branigan, P.C. ("MWZB"), to handle the 522 patent and other similar matters. Dr. Katims and his co-plaintiff, Neurotron, Inc., allege that MWZB both allowed the patent to expire and failed to notify Dr. Katims of the expiration. The Complaint includes three counts: (i) professional malpractice, (ii) breach of contract, and (iii) equitable relief based on quasi-contract.

Now pending is MWZB's Motion to Dismiss for lack of personal jurisdiction. (Paper No. 10). Because the issues are adequately addressed in the briefs, no hearing is necessary. *See* Local Rule 105.6 (D.Md. 2009). For the reasons stated below, the Court finds that it lacks personal jurisdiction over MWZB. In a Letter Order of even date, the Court informed the parties that, absent an objection, it will transfer the case to an appropriate jurisdiction. If either party objects to a transfer, the case will be dismissed without prejudice. An

---

1. The 522 patent was issued to Dr. Katims on September 15, 1998 for the "Digital Automated Current Perception Threshold (CPT) Determination Device and Method," a device being sold by Neurotron, a Maryland corporation.

Order memorializing the result shall follow in due course.

## I. Factual Background

### A. MWZB

MWZB is an Arlington, Virginia-based law firm. The firm neither has an office in Maryland nor owns or rents property in the state. In addition, it does not pay taxes, have a bank account, or employ a registered agent in Maryland. While the MWZB website includes driving directions from Maryland to their Arlington office, the firm does not advertise in Maryland.

The firm has approximately twenty-nine Maryland-based clients. In the course of representing those clients, MWZB has provided legal services relating to sixty-three separate patents.[2] The work done on behalf of Maryland clients represents less than 1% of the firm's overall business. MWZB generates less than 2% of its overall revenue from Maryland clients.

### B. MWZB's Representation of Dr. Katims

MWZB began representing Dr. Katims in 1996. The representation involved work on the 522 patent as well as other patent-matters.[3] During the course of their attorney-client relationship, MWZB and Dr. Katims communicated via telephone, fax, email, and post. Dr. Katims and Neurotron paid MWZB $120,682.98 for the firm's legal services.

According to the Complaint, the United States Patent and Trademark Office ("USPTO") mailed MWZB a notification that a maintenance fee on the 522 patent was due March 15, 2006, with a six-month grace period ending September 15, 2006.

After receiving the notice, the firm neither forwarded it to Dr. Katims nor paid the maintenance fee itself. As a result, the patent expired for non-payment of the maintenance fee. That expiration forms the basis of this law suit. While representing Dr. Katims with respect to the 522 patent, no MWZB employee set foot in Maryland. No meetings were held in the state and MWZB did not appear in Maryland courts. Indeed, no lawyer working on the 522 patent was licensed to practice law in Maryland.

## II. Standard of Review

When a jurisdictional challenge is raised, the burden is on the plaintiff to prove that the Court may exercise jurisdiction over a nonresident defendant. If the Court forgoes an evidentiary hearing, the plaintiff's burden is "simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." *Baker & Kerr, Inc. v. Brennan,* 26 F.Supp.2d 767, 769 (D.Md. 1998) (citations omitted). In determining the issue, a reviewing court must construe the pleadings, and draw all reasonable inferences, in favor of the plaintiff. *Id.*

## III. Analysis

A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. Fed. R. Civ. Pro. 4(k)(1)(A); *ESAB Group, Inc. v. Centricut, Inc.,* 126 F.3d 617, 622 (4th Cir.1997). In order to assert personal jurisdiction over a nonresident defendant, a district court must satisfy two conditions: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute, and (2) the exercise of jurisdiction

---

2. Plaintiffs have filed sixty-three motions that judicial notice be taken of those patents. (Docket Nos. 12–75). Those motions are hereby GRANTED.

3. The other matters included preparing and prosecuting an application for U.S. Patent No. 7,326,181 for "Nervous Tissue Stimulation Device and Method," another of Dr. Katims's inventions.

must comport with the due process requirements of the Fourteenth Amendment. *Christian Science Bd. of Directors of the First Church of Christ v. Nolan,* 259 F.3d 209, 215 (4th Cir.2001). It is well-settled that Maryland's long-arm statute is coextensive with the limits of personal jurisdiction set by the due process clause of the Constitution. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.,* 334 F.3d 390, 396 (4th Cir.2003) (citing *Mohamed v. Michael,* 279 Md. 653, 657, 370 A.2d 551 (1977)). As such, the statutory and constitutional inquiries merge, and this Court need only ask whether the exercise of jurisdiction violates due process. *Id.*

■ A court's exercise of jurisdiction over a nonresident defendant satisfies due process if the defendant has "minimum contacts" with the forum such that the defendant can reasonably anticipate being required to defend its interests there. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). A defendant's contacts with a state may result in either general or specific jurisdiction over the defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 & n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Carefirst,* 334 F.3d at 397.

■ General jurisdiction results when a defendant's activities in a state are "continuous and systematic" but nevertheless unrelated to the claims at issue. *Helicopteros,* 466 U.S. at 418, 104 S.Ct. 1868; *Carefirst,* 334 F.3d at 397. Here, MWZB's Maryland-contacts cannot result in a finding of general jurisdiction. It is undisputed that MWZB has no physical presence in Maryland. It has no property, employees, or registered agent in Maryland. Similarly, the firm files no Maryland tax returns

and has no Maryland bank accounts. MWZB's representation of Maryland clients before the USPTO, located in Alexandria, Virginia, is insufficient to establish general jurisdiction. *See The Austad Co. v. Pennie & Edmonds,* 823 F.2d 223, 226–27 (8th Cir.1987) (holding that general jurisdiction cannot be based upon an out-of-state law firm representing an in-state client in out-of-state proceedings). Accordingly, in order for the Court to retain jurisdiction in this case, it must have specific jurisdiction over MWZB.

■ To assert specific jurisdiction over a nonresident defendant, the Court must consider "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state, (2) whether the plaintiff's claims arise out of those activities directed at the state, and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst,* 334 F.3d at 397 (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,* 293 F.3d 707, 711–12 (4th Cir.2002)). The Court must consider the quality and nature of the Maryland contacts, not just their number. *Id.* "Even a single contact may be sufficient to create jurisdiction when the cause of action arises out of that single contact, provided that the principle of 'fair play and substantial justice' is not thereby offended." *Id.* (citing *Nichols v. G.D. Searle & Co.,* 783 F.Supp. 233, 238 (D.Md.1992), *aff'd,* 991 F.2d 1195 (4th Cir.1993)).

■■ This Court is not satisfied that MWZB has established sufficient minimum contacts with Maryland such that it would reasonably anticipate being haled into court here. MWZB has not purposefully directed its activities at Maryland residents. The firm does not advertise its services in Maryland[4] and does not con-

---

4. Plaintiffs argue that MWZB has availed itself of the privilege of conducting activities in

the state by posting directions from Maryland on the firm website. In particular, they con-

duct business within the state. Furthermore, while MWZB has frequently communicated with Dr. Katims, a Maryland resident, "correspondence and phone calls from out-of-state defendants to in-state plaintiffs are insufficient as a matter of law to establish the [necessary] minimum contacts." *Cape v. Maur,* 932 F.Supp. 124, 128 (D.Md.1996). Finally, as Judge Messitte, has succinctly stated, "case law overflows on the point that providing out-of-state legal representation is not enough to subject an out-of-state ... law firm to the personal jurisdiction of the state in which a client resides." *Id.* Because the Court finds that MWZB did not purposefully direct its activities at Maryland residents, the Court need not examine the remaining two prongs of the specific jurisdiction test.

## IV.  CONCLUSION

For the foregoing reasons, this Court concludes that it does not have personal jurisdiction over MWZB. A letter order of even date informs the parties that the Court will transfer the case to an appropriate jurisdiction unless a party objects, in which case the matter will be dismissed without prejudice. An Order memorializing the result shall follow in due course.

tend that the directions demonstrate that MWZB was soliciting Maryland-based clients. The Court disagrees. First, the directions are not proof that the firm was attempting to generate Maryland-based business. MWZB has a number of out-of-state clients who could require driving instructions from Maryland-based hotels and airports. In addition, this one action is simply not enough to establish jurisdiction. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475–76, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (holding that a defendant must have either "engaged in significant activities within" the state or "created 'continuing obligations' between [itself] and residents of [Maryland]").