MEMORANDUM OPINION
 

 LEE, District Judge.
 

 THIS MATTER comes before the Court on Defendants’ Motion to Dismiss Plaintiff Brien A. Roche’s five-count Complaint pursuant to Federal Rules of Civil Procedure (“FRCP”) 12(b)(2) and 12(b)(6) for lack of in personam jurisdiction and failure to state a claim. The issue before the Court is whether a Virginia court may assert personal jurisdiction over Defendants based on their construction and maintenance of a pornographic Internet web site available for viewing and limited interaction via computer throughout the Commonwealth of Virginia. For the reasons stated below,
 
 [1]
 
 the Court holds that Doien-dants’ web site was “passive” in nature such that the exercise of jurisdiction over Defendants by the Court here would offend the Due Process Clause of the Fourteenth Amendment. The case involves Mr. Roche’s reservation of the Internet domain name “triallawyer.com” and the independent use of that same name by Defendants Worldwide Media, Inc. (“Worldwide”) and Michael Howard Berk-ens (collectively, “Defendants”) to display pornographic material.
 

 I. FACTUAL BACKGROUND
 

 Plaintiff Brien A. Roche, an attorney in private practice, is a citizen of the Commonwealth of Virginia. Defendant Worldwide, a citizen of Florida, was, at all times relevant to this lawsuit, the owner of a domain web site registered with the name “triallawyer.com.” This site, at the time of Plaintiffs alleged injury, had nothing to do with trial lawyers or the practice of law. Instead, it contained pornographic material accessible to viewers capable of connect
 
 *716
 
 ing to the World Wide Web with their computer.
 
 [2]
 

 In his Complaint, Plaintiff contends that he had originally reserved the internet domain name “triallawyer.com” by registration with Network Solutions, Inc. Subsequent to his reservation of the domain name he received a confirmation from Network Solutions, Inc. that the domain name and site was reserved in his name. Sometime later, Plaintiff checked his newly-acquired site to confirm it was being reported to the public as “under construction,” only to find that the domain name, when entered into his web browser, linked him to an explicit pornographic site maintained by Defendants. Based on this unanticipated viewing of explicit pornographic material, Plaintiff claims he was “deeply offended and disgusted” to the point that he filed this lawsuit in the Eastern District of Virginia. His five-count complaint alleges fraud, negligent misrepresentation, and intentional infliction of emotional distress.
 

 II. STANDARD OF REVIEW
 

 FRCP 12(b)(2) permits dismissal of an action in which the forum court lacks the requisite personal jurisdiction.
 
 See
 
 Fed.R.Civ.P. 12(b)(2). The question of personal jurisdiction requires a two part analysis: (1) whether the particular facts and circumstances of the case fall within the Virginia long arm statute’s reach;
 
 [3]
 
 and (2) whether the exercise of personal jurisdiction in the matter is consistent with traditional notions of fair play and substantial justice,
 
 i.e.,
 
 the Due Process Clause of the United States Constitution.
 
 See Ellicott Mach. Corp. v. John Holland Party Ltd.,
 
 995 F.2d 474, 477 (4th Cir. 1993). The Virginia long-arm statute extends personal jurisdiction to the fullest extent permitted by due process.
 
 See English & Smith v. Metzger,
 
 901 F.2d 36, 38 (4th Cir.1990). Thus, the district court’s inquiry is often merged into the question of whether asserting jurisdiction violates the Due Process Clause.
 
 See generally ESAB Group, Inc. v. Centricut, Inc.,
 
 126 F.3d 617, 623 (4th Cir.1997).
 

 Once in personam jurisdiction is brought into question by the defendant, the plaintiff bears the burden of demonstrating its existence by a preponderance of the evidence.
 
 See Combs v. Bakker,
 
 886 F.2d 673, 676 (4th Cir.1989). Ultimately, however, the district court must make a judgment whether it has jurisdiction over the defendants.
 
 See Coastal Video,
 
 59 F.Supp.2d at 565 (citing
 
 Combs,
 
 886 F.2d at 676). In resolving this issue, the court must construe all relevant allegations in the light most favorable to the plaintiff and draw the most favorable inferences for the existence of jurisdiction.
 
 See Combs,
 
 886 F.2d at 676.
 

 III. DISCUSSION
 

 As this case involves the rapidly evolving area of electronic commerce and jurisdiction, the Court must consider well-established constitutional notions of due process and the evolution of emerging technology and the global connections afforded by the Internet. Plaintiff contends that Defendant’s display of pornographic material on their web site, which is accessible in Virginia via the Internet using a domain name that no reasonable person would expect to be pornographic (“triallawyers.com”), is, in and of itself, sufficient to give the Court in personam jurisdiction over Defendants. Plaintiff further submits that the web site in this case is “clearly active” for purposes of asserting personal jurisdiction due to its alleged “commercial purpose” and solicitation of e-mail addresses and credit card information. Pl.’s Br. at 5 (filed Dec. 17,
 
 *717
 
 1999). In arguing that this Court has personal jurisdiction over both Defendants, Plaintiff claims that Defendants “purposely direct[ed] their activities and their pornographic material at residents of ... Virginia as they d[id] at all other fifty (50) states” through the use of the web site in question.
 
 See id.
 
 at 2.
 

 Admittedly, the state of the law with regard to personal jurisdiction and Internet web sites is evolving.
 
 See generally, e.g., ESAB Group, Inc. v. Centricut, LLC,
 
 34 F.Supp.2d 323, 330-31 (D.S.C.1999) (outlining cases where courts have analyzed, with different outcomes, the issue of personal jurisdiction based, at least in part, on the maintenance of a web site). Nonetheless, the present case demonstrates a question of law that has, in the Eastern District of Virginia and elsewhere, been significantly settled.
 
 See, e.g., Ran-noch, Inc. v. The Rannoch Corp.,
 
 52 F.Supp.2d 681, 684-86 (E.D.Va.1999) (explaining that “the placement of [a] web site on the Internet with knowledge of the possibility that the site might be accessed in Virginia” is not an act directed toward the forum state for purposes of due process);
 
 Zippo Mfg. Co. v. Zippo Dot Com, Inc.,
 
 952 F.Supp. 1119, 1124 (W.D.Pa.1997) (“A passive Web site that does little more than make information available to those [in foreign jurisdictions] who are interested in it is not grounds for the exercise [of] personal jurisdiction.”);
 
 cf. Atlantech Distribution, Inc. v. Credit General Insurance Co.,
 
 30 F.Supp.2d 534, 536-37 (D.Md. 1998) (“Although this is a developing area of law, court’s addressing the effect of a company’s Internet presence on personal jurisdiction are in agreement that ‘the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet.’ ”)
 

 The Due Process Clause requires that no defendant be haled into court unless he has “certain minimum contacts” with the forum state “such that the maintenance of the suit does not offend ‘traditional notions of fair play and substantial justice.’ ”
 
 Int’l Shoe Co. v. Washington,
 
 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Moreover, jurisdiction is only appropriate under such circumstances where a defendant has purposely directed his activities at residents of the forum resulting in litigation emanating from alleged injuries arising out of or relating to those activities.
 
 [4]
 

 See Burger King Corp. v. Rudzewicz,
 
 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Molding this traditional line of precedent with cases analogous to the present one, the Court concludes that its exercise of personal jurisdiction over Defendants would violate due process.
 

 In
 
 Zippo Mfg. Co. v. Zippo Dot Com, Inc.,
 
 a district court formulated a “sliding scale” test to determine whether a defendant’s conduct with the forum state through a site on the World Wide Web supported the exercise of specific personal jurisdiction.
 
 See Zippo Mfg.,
 
 952 F.Supp. at 1124. The
 
 Zippo Mfg.
 
 court’s language is extremely helpful to understanding the nature of the jurisdictional conundrum the Court faces here:
 

 At one end of the spectrum are situations where a defendant clearly does
 
 *718
 
 business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply-posted information on an Internet web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.
 

 Id.
 
 (citations omitted).
 

 Applying the logic of
 
 Zippo Mfg.,
 
 in
 
 Rannoch, Inc. v. The Rannoch Corp.,
 
 a court in this district concluded that it could not constitutionally assert in personam jurisdiction over defendant’s operation of a web site accessible in Virginia. In that case, the defendant’s web site provided all of the following information: (1) contact information, including its toll-free number, fax number, address, and e-mail address; (2) an interactive form with spaces for comments, the visitor’s name, address, telephone number, fax number, and e-mail address; (3) hypertext links to e-mail the defendant directly; and (4) an interactive form for potential advertisers to submit their classified listings.
 
 See Rannoch, 52
 
 F.Supp.2d at 683, 685. The record before the
 
 Rannoch
 
 court indicated, among other things, that the defendant had placed no classified ads on its web -site, had done no business in Virginia, had sold no products or services in Virginia, had held no meetings in Virginia, and had conducted no advertising or other promotional activity specifically directed to Virginia.
 
 See id.
 
 at 683. Moreover, the defendant owned no property in Virginia, had no bank accounts in Virginia, had no employees in Virginia, and maintained no records, documents or materials in Virginia.
 
 See id.
 

 The
 
 Rannoch
 
 court, after consideration of the facts stated above, concluded that jurisdictional principles pointed “persuasively to the conclusion that personal jurisdiction cannot constitutionally be exercised over [the defendant].”
 
 Id.
 
 at 685. Finding a dearth of the requisite “purposeful availment” of Virginia
 
 (i.e.
 
 the forum state) or “purposeful activity” directed at the plaintiff, the court echoed
 
 Zippo Mfg.
 
 in opining that “there appears to be nothing more than the placement of the web site on the Internet with knowledge of the possibility that the site might be accessed in Virginia.”
 
 Id.
 
 Standing alone, the court explained, this “does not satisfy the due process jurisdictional standard.”
 
 Id.; see also Zippo Mfg.,
 
 952 F.Supp. at 1124.
 

 Applying this precedent here in context of the
 
 Zippo Mfg.
 
 “sliding scale” analysis, Defendants’ pornographic web site can only be characterized as “passive.” As with
 
 Rannoch,
 
 Defendants here appear to have done nothing more than place information on a web site on the Internet with knowledge of the possibility that someone in Virginia might access the site. There is no evidence that they sold products in Virginia, had employees in Virginia, held meetings in Virginia, or conducted advertising or other promotional activity directed specifically to Virginia. Even taking Plaintiffs allegations of e-mail and credit card solicitation on the web site as true, the record is abundantly void of evidence that Defendants, through their web site, purposely availed themselves of the benefits of Virginia law or purposely directed their activities at Plaintiff.
 
 See Weber v. Jolly Hotels,
 
 977 F.Supp. 327, 334 (D.N.J.1997) (“[E]xercising jurisdiction over a defendant who merely advertises its services or product on the Internet would
 
 *719
 
 violate the Due Process Clause of the Fourteenth Amendment.”).
 

 Instead, the core allegation here boils down to Plaintiffs unfortunate face-to-face encounter with images that, because of their pornographic nature and use of his registered domain name, deeply disturbed him. While the Court acknowledges the offensive nature of this World Wide Web encounter, it has no basis to conclude that Defendants should be haled into court in the Eastern District of Virginia because of it. Such a finding of personal jurisdiction, based on the fact that the web page is accessible in Virginia, could lead, alarmingly, to nationwide jurisdiction over Defendants — or over anyone who posts a web page for that matter.
 
 See ESAB Group,
 
 84 F.Supp.2d at 331 n. 4. Given the indefinable and infinite nature of the Internet,
 
 [5]
 
 and the accessibility of the World Wide Web to anyone with a laptop computer and a telephone line, such a finding would not only be unconstitutional, but egregiously impractical for purposes of judicial economy. This Court refuses to extend “traditional notions of fair play and substantial justice” to such indeterminable boundaries.
 

 IV. CONCLUSION
 

 This Memorandum Opinion supplements the Court’s Order of January 4, 2000, granting Defendants’ Motion to Dismiss.
 
 [6]
 
 As stated in that Order and for the reasons set forth herein, Defendants’ Motion to Dismiss is hereby GRANTED.
 

 [1]
 

 . The Court, in its previous Order of January 4, 2000, granted Defendants' motion, thereby dismissing Plaintiff's Complaint pursuant to FRCP 12(b)(2) based on insufficient grounds for the exercise of personal jurisdiction. This Memorandum Opinion supplements that Order.
 

 [2]
 

 . Defendant Michael Howard Berkens was, at the time of Plaintiff's alleged injury, in charge of this domain site and in control of Defendant Worldwide.
 

 [3]
 

 .
 
 See
 
 Va.Code Ann. § 8.01-328.1 (Michie Supp.1999);
 
 see also Coastal Video Communications Corp. v. Staywell Corp.,
 
 59 F.Supp.2d 562, 565 (E.D.Va.1999) (citing Fed.R.Civ.P. 4(e) — (0)
 

 [4]
 

 . It should be noted here that the Court recognizes the difference between "specific” and “general” in personam jurisdiction as outlined and articulated by the United States Supreme Court in
 
 Helicopteros Nacionales de Colombia,
 
 S.A
 
 v. Hall, 466
 
 U.S. 408, 414 nn. 8-9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Despite the fact that Plaintiff fails to umbrella his jurisdiction argument under one or the other, a thorough discussion of the disparity between the two is unnecessary here — Defendants’ contacts (or lack thereof) with Virginia quite convincingly nullify the Court’s exercise of either.
 
 See infra.
 
 Moreover, there is no allegation whatsoever in Plaintiff’s pleadings that Defendants' contacts with Virginia are "systematic and continuous,” as a finding of “general” jurisdiction would require. Thus, as is the case with the vast majority of Internet-based personal jurisdiction cases,
 
 see Coastal Video,
 
 59 F.Supp.2d at 570 n. 6., the Court labels Plaintiff’s argument as one asserting "specific” jurisdiction over Defendants and proceeds accordingly.
 
 See infra.
 

 [5]
 

 .
 
 See America Online, Inc. v. GreatDeals.Net,
 
 49 F.Supp.2d 851, 858 (E.D.Va.1999)
 

 [6]
 

 .
 
 See
 
 Order,
 
 Roche v. Worldwide Media, Inc.,
 
 No. CIV.A. 99-1534-A (E.D.Va. Jan. 4, 2000) (Lee, J.);
 
 see also
 
 Order,
 
 Roche v. Worldwide Media, Inc.,
 
 No. CIV.A. 99-1534-A (E.D.Va. Jan. 11, 2000) (Lee, J.) (extending Plaintiffs deadline to re-file his Complaint to coincide with the issuance of the present Memorandum Opinion).