**Jennifer E. PEARSON Plaintiff,**

v.

**WHITE SKI COMPANY, INC.**
**d/b/a Whitetail Ski Resort**
**Defendant.**

**No. CIV.A. 02–602–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Oct. 15, 2002.

Nils George Peterson, Falls Church, VA, for Plaintiff.

M. Bruce Wallinger, Wharton, Aldhizer & Weaver, Harrisonburg, VA, for Defendant.

## MEMORANDUM ORDER

LEE, District Judge.

THIS MATTER is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction

pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, and Plaintiff's Motions for Discovery as to Jurisdiction and Alternative Motion to Transfer. This is a diversity personal injury claim brought by a Virginia resident who alleges she sustained injuries when she was hit by a ski lift at the Whitetail Ski Resort in Pennsylvania.

There are three issues before the Court. First, whether a Virginia skier, who is injured by a ski lift at a Pennsylvania ski resort, may maintain an action in Virginia against the ski resort, under the Virginia long-arm statute, VA. CODE ANN. § 8.01–328.1, based upon the resort's advertising in Virginia. Second, whether Plaintiff's claim is barred by the applicable statute of limitations. Third, whether this Court should grant Plaintiff's Motion for Discovery to enable Plaintiff to demonstrate how this Court has personal jurisdiction over Defendant, or if this Court does not have personal jurisdiction over Defendant then, in the alternative, to transfer Plaintiff's negligence claim to Pennsylvania where the alleged cause of action arose.

Upon review of Defendant's filing, Plaintiff's response, and Plaintiff's pleadings, the Court holds that Defendant's advertising in Virginia, on the Internet, and through Virginia travel agents to solicit Virginia business is insufficient to establish personal jurisdiction to support a claim that is otherwise unrelated to activities in Virginia. Therefore, this Court grants Defendant's Motion to Dismiss, because the Court conclusively determines that Plaintiff lacks personal jurisdiction over Defendant. Moreover, Plaintiff's negligence Complaint was not filed within the applicable statute of limitations for negligence claims in Virginia or Pennsylvania. Because Plaintiff's claims are barred by the statute of limitations, further discovery and a transfer of venue is not warranted.

## I. BACKGROUND

On January 10, 1999, Plaintiff, Jennifer E. Pearson ("Pearson"), a resident of Arlington County, Virginia, was allegedly injured when she was struck in the head by Defendant's ski lift at Whitetail Ski Resort. The ski resort is owned by Defendant, Whitetail Ski Company, Inc. ("Whitetail"), and is located in Mercersburg, Pennsylvania.

Pearson filed a Motion for Judgment in the Circuit Court of Arlington, Virginia, against Whitetail Ski Resort alleging that she was injured because of the resort's negligent operation of the ski lift. Whitetail Mountain Operation Corporation ("Whitetail Mountain"), by special appearance, filed a Motion to Dismiss Plaintiff's Motion for Judgment for lack of personal jurisdiction. Whitetail Mountain informed Pearson that Whitetail Ski Resort, Inc. was a nonentity and Whitetail Ski Company, Inc. was the operator of the resort on the date of the alleged injury. Pearson never petitioned the court to amend the Motion for Judgment naming the proper company.

On November 2, 2001, by Consent Order, Pearson took a voluntary nonsuit against Whitetail Ski Resort, Inc., the nonexistent company. On April 30, 2002, Pearson filed suit in United States District Court reasserting the same allegations as those raised in the Motion for Judgment filed in Arlington Circuit Court.

Whitetail brings the instant Motion to Dismiss Pearson's Complaint on the following grounds: (1) lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2), and (2) Pearson's Complaint is barred by the applicable statute of limitations in Virginia and Pennsylvania under Fed.R.Civ.P. 12(b)(6). In addition, Pearson files a Motion for Discovery as to Jurisdiction seeking discovery on the personal jurisdiction facts, or in the alternative, an to transfer

the case to Pennsylvania, where Pearson sustained the alleged injury.

## II. ANALYSIS

### A. *Standard of Review*

The court may dismiss a claim for lack of personal jurisdiction over a defendant. Fed.R.Civ.P. 12(b)(2). Plaintiff bears the burden of proving "the existence of a ground for jurisdiction by preponderance of the evidence." *Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir.1989). When the Court "addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." *Id.* In resolving this issue, the Court will construe all relevant allegations in the light most favorable to the plaintiff and draw the most favorable inferences for the existence of jurisdiction. *See Combs,* 886 F.2d at 676.

In considering a motion to dismiss under Rule 12(b)(6), the Court should accept as true all well plead allegations of the complaint and view the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993); Fed.R.Civ.P. 12(b)(6). The Court should grant a motion to dismiss for failure to state a claim only if it appears to a certainty that the plaintiff cannot prove any set of facts in support of its claim that would entitle the plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

The Court's analysis will first determine if this Court has personal jurisdiction over Whitetail. Second, the Court will decide whether Pearson's Complaint survives Whitetail's Motion to Dismiss. If Pearson's Complaint is viable, the Court will determine if further discovery will enable this Court to exercise its jurisdiction over

the matter. In the alternative, if there is a more appropriate venue for adjudication of this matter, then the Court will decide if this case should be transferred to Pennsylvania.

### B. *Personal Jurisdiction*

#### 1. *Parties Contentions*

In Whitetail's Memorandum of Law in Support of Motion to Dismiss, Whitetail contends that there is no basis to exercise personal jurisdiction in this case because it is a Delaware corporation that is not doing business in Virginia. (Def.'s Mem. Supp. Mot. Dismiss at 2–3.) Furthermore, Whitetail has no offices or employees in Virginia, and finally, there is no causal connection between Whitetail's advertising and solicitation activities, or Whitetail's business contacts and Pearson's cause of action. *Id.* Therefore, Pearson cannot sufficiently establish that this Court can exercise specific personal jurisdiction in this case. Whitetail also argues that the Court cannot exercise general personal jurisdiction in this case because Whitetail's advertising and solicitation efforts are so limited that they fail to rise to the level required by the Virginia long-arm statute, VA. CODE ANN. § 8.01–328.1. *Id.* at 4–5.

In Pearson's Opposition to Defendant's Motion to Dismiss and Motion for Discovery, or in the alternative, Motion to Transfer, Pearson argues that Whitetail is doing business in Virginia, has extensive contacts with Virginia, e.g., tour promoters and travel agents, and advertises and solicits business in Virginia. (Pl.'s Opp. at 2–3.) Furthermore, Pearson submits that the combination of these contacts and Whitetail's Internet solicitation activities are sufficient to show Whitetail's systematic and continuous contacts with Virginia, thereby sufficiently establishing this Court's personal jurisdiction over Whitetail. *Id.* at 2.

### 2. *Analysis*

The Court holds that Plaintiff fails to demonstrate that this Court has personal jurisdiction over Defendant under the Virginia long-arm statute. The Court's consideration of personal jurisdiction involves a two-step test. First, the Court must determine whether the defendant's conduct is within the reach of Virginia's long-arm statute, Virginia Code § 8.01–328.1. Second, the Court must determine whether exercise of personal jurisdiction over the Defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Haynes v. James H. Carr, Inc.*, 427 F.2d 700 (4th Cir.1970). In this case, only inquiry into the first prong of this test is necessary because the facts as alleged by Pearson do not satisfy the reach of the Virginia long-arm statute.

The Virginia long-arm statute, which extends to the limits of the Due Process Clause, provides that:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action *arising from* the person's:

(1) Transacting any business in this Commonwealth;

(2) Contracting to supply services or things in this Commonwealth;

(3) Causing tortious injury by an act or omission in this Commonwealth;

(4) Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth.

VA. CODE ANN. § 8.01–328.1(A) (emphasis added).

In determining whether Whitetail's conduct is within the reach of Virginia's long-arm statute, the Court considers whether Whitetail's Virginia contacts or Internet activities fit within the statute's definition of "arising from." The Virginia General Assembly used the phrase "arising from" to require that there be a causal link between the alleged business activity relied upon to establish personal jurisdiction and the injury alleged in the cause of action. *See Chedid v. Boardwalk Regency Corp.*, 756 F.Supp. 941, 943 (E.D.Va.1991). This causation element is more than a mere "but, for" causation; this element requires causation that is more akin to proximate cause. *Id.*

Measuring Pearson's claim against this standard, the claim must fail. Simply put, Whitetail's advertising and solicitations of Virginia skiers were not the proximate cause of Pearson's injury. Rather, Whitetail's employee's alleged negligence caused Pearson's injury. This Court's reasoning is supported by three cases: *Chedid v. Boardwalk Regency Corp.*, 756 F.Supp. 941, 943 (E.D.Va.1991), *Roche v. Worldwide Media, Inc.*, 90 F.Supp.2d 714 (E.D.Va.2000), and *Pizarro v. Hoteles Concorde Int'l C.A.*, 907 F.2d 1256 (1st Cir. 1990).

In *Chedid*, the Court concluded that although the defendant advertised and solicited business in Virginia, these actions were not enough to fall within the Virginia long-arm statute because the court reasoned that the Virginia long-arm statute requires that a plaintiff's cause of action "arise from" the defendant's advertising and solicitation activities in Virginia. 756 F.Supp. at 941–42. Using the same two-step process, the court concluded that there was a lack of connection "between the advertising and solicitation activities and the plaintiff's negligence cause of action." *Id.* at 944. In other words, the plaintiff's slip and fall negligence action did not "arise from" the defendant's advertising and solicitation activities, which, al-

though extensive and satisfy the statutory business transaction requirement, still did not cause the plaintiff's injuries. *Id.* at 943–944. Therefore, the court reasoned that because the injury was caused by the defendant's employees, and not the advertising or solicitations, the Court could not exercise long-arm jurisdiction over the defendant.

Here, this Court has a similar claim of personal jurisdiction before it in Pearson's ski lift negligence claim. Likewise, this Court finds that even if the Court accepts Pearson's allegations as true, as required by *Mylan Lab., Inc. v. Matkari*, there is no connection between Whitetail's advertising and solicitation activities and Pearson's negligence claim. Whitetail's advertisements and solicitations did not cause the ski lift to injure Pearson. Therefore, without more, Whitetail's advertisements and solicitations are insufficient to establish personal jurisdiction over Defendant.

Similarly, this Court must address whether Internet advertising and solicitation activities are sufficient to establish personal jurisdiction over the defendant. In *Roche*, this Court reasoned that a defendant operating a web site, which defendant knows attracts Virginia customers, is not sufficient to establish personal jurisdiction. 90 F.Supp.2d at 718–719. The Court opined that if it were to find personal jurisdiction, "based on the fact that the web page is accessible in Virginia," such a finding "could lead, alarmingly, to nationwide jurisdiction over Defendants—or over anyone who posts a web page for that matter." *Id.* at 719. In this case, "[t]his Court refuses to extend 'traditional notions of fair play and substantial justice' to such indeterminable boundaries." *Id.* at 719.

In *Pizarro*, a case on point with the facts alleged in this case, the First Circuit held that the defendant's contacts were not the legal or proximate cause of the plaintiff's injuries. In *Pizarro*, a hotel guest was injured when she collided with a hotel employee at the Concord Hotel in Aruba. Plaintiff filed suit in Puerto Rico against the hotel, on the theory that the hotel solicited business in Puerto Rico and therefore was subject to·personal jurisdiction in the United States District Court under the Puerto Rico long-arm statute. The First Circuit held that plaintiff's cause of action did not "arise out of" or result from the defendant's business contacts, e.g., newspaper advertisements, as required by Puerto Rico's long-arm statute. 907 F.2d at 1258–59. The court ruled that the defendant's advertisement activities in Puerto Rico were insufficient to establish personal jurisdiction because the resort's activities "have no connection with the negligent act of the employee that allegedly caused the injury." *Id.* at 1259. Furthermore, the Court reasoned that even if the plaintiff would not have lodged at the defendant's Aruba hotel had it not been for the advertisements, "it still cannot be said that the negligent act arose out of ... [defendant's] advertisements ...." *Id.* (quotations omitted).

■ Applying the reasoning of *Chedid, Pizarro,* and *Roche* to this case, the Court concludes that Plaintiff can not establish personal jurisdiction under the Virginia long arm statute against the White Tail Ski Company, Inc., because Whitetail's advertisements through the media and on the Internet are not causally connected to Pearson's injury. Pearson's alleged injuries were not caused by a tour promoter, travel agent, or the Internet. Consequently, because Pearson fails to demonstrate how this Court has personal jurisdiction over Whitetail, under the Virginia long-arm statute, this Court does not reach whether the Court's exercise of personal jurisdiction over Whitetail would offend the Due Process Clause of the Fourteenth Amendment to the United States Constitu-

tion. Accordingly Defendant's Motion to Dismiss is granted.

## C. *Statute of Limitations*

### 1. *Parties Contentions*

Whitetail contends that even if the Court finds that it has personal jurisdiction over Whitetail, Pearson's tort claim is barred by Virginia's statute of limitations, VA. CODE ANN. § 8.01–243(A), and Pennsylvania law, 42 PA. CONS. STAT. § 5524(7). Each jurisdiction has a two year statute of limitations on personal injury actions. The applicable statute of limitations for Pearson's claim expired on January 10, 2001. Plaintiff did not file her Complaint until April 30, 2002, and therefore, Plaintiff's claim is untimely.

Nonetheless, Pearson argues that because the Complaint is almost identical to the original Motion for Judgment filed in Arlington County Circuit Court, which was within the statute of limitations, the instant Complaint should be considered timely. (Pl.'s Opp. at 3–4.) In response, Whitetail argues that the prior law suit was a legal nullity, because Pearson named a nonexistent corporation in the Motion for Judgement. (Def.'s Mem. Supp. Mot. Dismiss at 6.) Whitetail contends that if Pearson is to be granted relief, it must come from the dismissal, abatement, or nonsuit section of the Virginia Code, § 8.01–229(E)(3), which allows plaintiff to "recommence his action within six months from the date of the order entered by the court" when the plaintiff suffers a voluntary nonsuit. (Def.'s Mem. Supp. Mot. Dismiss at 5.)

### 2. *Analysis*

Assuming arguendo that this Court has personal jurisdiction, Plaintiff's claim is, nonetheless, barred by the statute of limitations for tort claims in both Virginia and Pennsylvania. However, the Court will consider Pearson's arguments under this provision. Because the Court will consider Pearson's Motion for Discovery and Transfer, it is necessary first to determine whether the action is barred by the applicable statute, VA. CODE ANN. § 8.01–229(E)(3).

■ Pearson's voluntary nonsuit tolls the statute of limitations and requires Pearson to recommence the same action *against the same party. See Id.* (emphasis added). The Code requires that the plaintiff's original filing name the proper party in interest. The proper party in interest is Whitetail Ski Company, Inc., the company named in the instant Complaint. It is clear that Pearson did not name the proper company when she filed her Motion for Judgment in Arlington County Circuit Court. (Def.'s Mot. Dismiss Ex. A.) Pearson's instant Complaint is, therefore, a new cause of action that is without the coat tails of her original complaint filed in 2001. Accordingly, Pearson's Complaint was not filed within the applicable statute of limitations in Virginia or Pennsylvania. For this reason, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is granted.

## D. *Discovery and Transfer*

For the aforementioned reasons, further discovery on personal jurisdiction or transfer to Pennsylvania is unnecessary in this case. First, Whitetail's contacts and advertising are an insufficient basis to exercise personal jurisdiction over Whitetail, because neither Whitetail's contacts nor its advertisements are the proximate cause of Pearson's injury. Second, even if the Court had personal jurisdiction over Whitetail, Pearson's April 30, 2002 claim was not filed within the applicable statutes of limitations in Virginia and Pennsylvania; thus, transfer would cause an undue burden on Whitetail and the Pennsylvania Court. Therefore, Plaintiff's Motion for

Discovery, or alternatively, Motion to Transfer is denied.

## IV. CONCLUSION

This Court lacks personal jurisdiction over Whitetail because Whitetail's contacts and advertising are not sufficient to invoke the personal jurisdiction under the Virginia Code 8.01–328. Furthermore, Pearson's April 30, 2002 claim is barred by the statutes of limitations in both Virginia and Pennsylvania. Hence, Pearson's Motion for Discovery is denied because the Court lacks personal jurisdiction in both Virginia and Pennsylvania courts, and the statutes of limitations have expired.

Accordingly, it is hereby

ORDERED that Defendant Whitetail Ski, Co.'s Motion to Dismiss is GRANTED. It is also

ORDERED that Plaintiff Jennifer E. Pearson's Motion for Discovery as to Jurisdiction and Alternative Motion to Transfer are DENIED. It is further

ORDERED that this case is DISMISSED WITHOUT PREJUDICE.

The Clerk of the Court is directed to enter judgment in favor of defendant, Whitetail Ski Company, Inc., and against plaintiff, Jennifer E. Pearson, in accordance with Rule 58 of the Federal Rules of Civil Procedure.

The Clerk is directed to forward a copy of this Order to counsel of record.